```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$209,815 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br><br>―――――――――――――――――――<br><br>JULIO FIGUEROA,<br><br>    Claimant. | Case No. C 14-0780 SC<br><br>ORDER DENYING MOTION TO SHORTEN <u>TIME</u> |

This is a civil forfeiture case. Now before the Court is Plaintiff United States of America's ("Plaintiff") motion to shorten the briefing schedule for its motion to compel Claimant Julio Figueroa ("Claimant") to provide more extensive answers to certain special interrogatories. ECF No. 23 ("Mot."). Plaintiff filed its motion to compel on May 9, 2014. ECF No. 21 ("MTC"). Responses to that motion are currently due by May 23, and replies are due by May 30. Claimant has also filed a motion to suppress evidence related to the underlying civil forfeiture claim. ECF No. 18 ("MTS"). Per the parties' stipulation, responses to that motion are due by May 30, and replies are due by June 6. ECF No. 20 ("Stip.").

Plaintiff wants to shorten the briefing schedule for its motion to compel so that it can have more time and, potentially, more information for responding to Claimant's motion to suppress. On Plaintiff's proposed schedule, briefing deadlines on its motion to compel would be shortened by roughly two weeks, with responses due by May 15 and replies by May 16. Mot. at 1-2. If the Court is not inclined to do this, Plaintiff recommends a new briefing schedule pegged to the date on which the Court eventually issues its ruling on Plaintiff's motion to compel. Id. at 2. This alternative schedule would give Plaintiff fourteen days from that date to file its opposition to the motion to compel and its planned summary judgment motion. Id.

Plaintiff contends that this schedule change is necessary for it to have the information from the special interrogatories for use in its opposition brief and summary judgment motion. Id. at 1-2. Claimant opposes these requests, noting that he has already responded to Plaintiff's special interrogatories. ECF No. 25 ("Opp'n to MTS") at 2-5. He states that although Plaintiff is unsatisfied with his answers and objections, he believes that his responses are legally sufficient. Id. He maintains that Plaintiff should have to proceed with its motion to compel as a duly noticed motion and should not be allowed to rush or prioritize its motions above Claimant's. Id.

The Court finds that Plaintiff's motion offers no compelling factual or legal reasons to shorten the parties' briefing schedules, especially since granting the motion at this point would give Claimant only a day or two to write a response brief when he had previously been allotted about two weeks. Cf. Civ. L.R. 6-3

2

(motions to shorten time must identify "the substantial harm or prejudice that would occur if the Court did not change the time"). The Court has also considered Plaintiff's reply, ECF No. 26, and finds that the issues it raises go toward the substantive issues raised in the parties' other motions, not the instant motion to shorten time. The Court accordingly declines to address those matters in this Order.

Plaintiff's motion is therefore DENIED. The parties are free to stipulate to new briefing dates if they wish. The Court makes no ruling on either party's legal or evidentiary arguments at this time.

IT IS SO ORDERED.

Dated: May 13, 2014

UNITED STATES DISTRICT JUDGE

3