IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

          Plaintiff,

  v.

$209,815 IN UNITED STATES
CURRENCY,

         Defendant.

_____

JULIO FIGUEROA,

         Claimant.

_____

Case No. C 14-0780 SC

ORDER GRANTING MOTION OF THE
UNITED STATES TO COMPEL ANSWERS
FROM JULIO FIGUEROA TO SPECIAL
INTERROGATORIES

## I. INTRODUCTION

Now before the Court is Plaintiff United States of America's
("Plaintiff") motion to compel answers from Julio Figueroa
("Claimant") to special interrogatories.  ECF No. 21 ("Mot.").  The
motion is fully briefed, ECF Nos. 21, 29 ("Opp'n"), and 36
("Reply"), and appropriate for resolution without oral argument,
Civ. L.R. 7-1(b).  The motion is GRANTED, as explained below.

///

///

**United States District Court**
For the Northern District of California

**II. <u>BACKGROUND</u>**

This is a civil forfeiture case arising out of $209,815 in United States currency ("the currency") seized from Claimant's checked luggage at the San Francisco International Airport ("SFO") on September 27, 2013.  ECF No. 1 ("Compl.") ¶ 1.  While the precise factual circumstances underlying the interaction between DEA Agents and the Claimant remain an issue of contention among the parties, the Court need not resolve those issues on the present motion.  See ECF Nos. 18, 39, 42 (describing Claimant's pending motion to suppress and subsequent briefing).

On February 20, 2014, Plaintiff filed a complaint for civil forfeiture under 21 U.S.C. Section 983 arguing that the currency is subject to forfeiture as "moneys . . . furnished or intended to be furnished by [a] person in exchange for a controlled substance . . . [,] proceeds traceable to such an exchange, [or] money[] . . . used or intended to be used to facilitate a violation of [Subchapter I, Chapter 13 of Title 21, United States Code]."  21 U.S.C. § 881(a)(6).  Claimant intervened, filing a verified claim and answer as required under the statute, and asserting "an ownership and possessory interest in, and the right to exercise dominion and control over[] all the defendant property."  See ECF Nos. 11 ("Claim"); 14 ("Answer").  See also 18 U.S.C. § 983(a)(4)(A), (B); Supp. R. G(5).

Shortly thereafter, Plaintiff timely served on Claimant ten special interrogatories pursuant to Supplemental Rule G(6) for Certain Admiralty and Maritime Claims requesting, among other things, information related to Claimant's (1) circumstances of acquiring the currency, (2)records relating to the currency, (3)

**United States District Court**
For the Northern District of California

the source of the currency, (4) facts supporting Claimant's claims of ownership and possessory interests in the currency, and (5) the identity of persons having knowledge of Claimant's interest in the currency. ECF No. 22 ("Kenney Decl.") Ex. A, Nos. 2-10.  Claimant objects to these interrogatories, arguing primarily that they seek information beyond the scope of discovery permitted under Supplemental Rule G(6)(a).  Opp'n at 2-3.  Claimant further argues in his objections to Plaintiff's interrogatories that the requests are (1) "overly broad, burdensome, and oppressive," and (2) seek information in violation of Claimant's Fourth Amendment right against unreasonable searches and seizures.  Kenney Decl. Ex. B. After raising these objections, Claimant's responses do little more than restate Claimant's assertion of ownership and possession of the currency in his verified claim.  Id.  Now Plaintiff seeks to compel further answers to nine of the special interrogatories, but Claimant still refuses.  See Opp'n at 2-3.

## III.  DISCUSSION

The Federal Rules of Civil Procedure authorize party-initiated discovery of any evidence that is relevant to any party's claims or defenses.  Fed. R. Civ. P. 26(b)(1).  However, discovery under Rule 26 is generally barred prior to the initial case management conference.  See Fed. R. Civ. P. 26(d)(1).  Nevertheless, in the particular context of forfeiture proceedings, Supplemental Rule G(6) applies, which "supersedes the discovery 'moratorium' of Rule 26(d)," and permits the government to file "limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing."  Advisory Committee Note to Subd. 6 of

**United States District Court**
For the Northern District of California

1  Supp. R. G.  While the scope of this rule is limited, the Ninth

2  Circuit has stated that the rule "broadly allows the government to

3  collect information regarding the claimant's relationship to the

4  defendant property," and "contemplates that the government may seek

5  information beyond the claimant's identity and type of property

6  interest."  United States v. $133,420, 672 F.3d 629, 642 (9th Cir.

7  2012).

8       Here, Claimant argues that because the scope of Supplemental

9  Rule G(6) is limited to information bearing on Claimant's standing,

10  and his responses to Plaintiff's special interrogatories and

11  verified claim are sufficient to establish his standing at this

12  stage, any further discovery necessarily exceeds the scope of the

13  Rule.  However, the Ninth Circuit has expressly rejected this

14  argument, and found interrogatory responses virtually identical to

15  those offered by counsel in this case insufficient.  Id. at 642-43

16  ("[Claimant's] premise that the only information relevant to

17  standing is the claimant's identity and interest in the defendant

18  property is simply incorrect . . . .").  Just as in $133,420,

19  Claimant's proffered narrow interpretation of Supplemental Rule

20  G(6) would render Supplemental Rule G(5)(a)(i)(B), which already

21  requires a verified claim to "identify the claimant and state the

22  claimant's interest in the property," superfluous.  Id. (quoting

23  Spencer Enters., Inc. v. United States, 345 F.3d 683, 691 (9th Cir.

24  2003)) (restating the "cardinal rule of statutory interpretation

25  that no provision should be construed to be entirely redundant.").

26  Furthermore, Claimant's position ignores the fact that "the

27  advisory committee's note to this rule contemplates that the

28  government may seek information beyond the claimant's identity and

4

type of property interest . . . ." <u>Id.</u> at 642 (citing Supp. R. G
Advisory Committee's Note (subsection 6)).  This interpretation is
in accord with the other lower courts that have considered the
scope of Supplemental Rule G(6).  <u>See, e.g.,</u> <u>United States v.</u>
<u>$307,970</u>, 4:12-CV-136, 2013 WL 4095373, at *3 (E.D.N.C. Aug. 13,
2013) ("[P]ermissible interrogatories as to a claimant's
relationship to the defendant property may encompass more than just
the type of interest asserted in the property.") (citing <u>$133,420</u>,
at 642-43); <u>United States v. $2,051,660</u>, 07-cv-1338, 2008 WL
8723566, at *1 (D. Kans. Sept. 29, 2008) ("[T]he addition of
Supplemental Rule G(6) phrase [sic] regarding 'claimant's identity
and relationship to the defendant property' must allow more than a
mere recitation of the information already required by Supplemental
Rule G(5).").

Furthermore, unlike in <u>$133,420</u>, here the Government has not
sought admissions or production of documents, which are outside the
scope of the Rule and might qualify as "overly broad, burdensome,
and oppressive."  672 F.3d at 643 n.5; Kenney Decl. Ex. B.
Instead, the interrogatories in this case mirror those endorsed by
the Ninth Circuit in <u>$133,420</u>, which also sought information
relevant to (1) the nature of the Claimant's interest, and (2) the
means by which the Claimant's interest was acquired (including,
among other things, the dates, times, circumstances of each
transaction, persons from which the currency was obtained, reasons
why it was obtained, and names and contact information for
witnesses to transactions in which it was obtained).  <u>Id.</u> at 636.
In other words, because Plaintiff's interrogatories are all
"limited to the claimant's . . . relationship to the defendant

5

**United States District Court**
For the Northern District of California

1   property," they are neither outside the scope of the Rule nor

2   impermissibly broad.  See Supp. R. G(6)(a).

3       For similar reasons, Claimant is incorrect that compelling

4   answers to interrogatories requires him to "conclusively prove" his

5   case at this stage.  Opp'n at 3.  While Claimant is right that the

6   burden of proof remains on Plaintiff to establish a connection

7   between the property and illegal drug trafficking, see 18 U.S.C. §

8   983(c)(1), the fact that some of Claimant's interrogatory responses

9   may help or hinder the Plaintiff's cause in carrying that burden

10  does not impermissibly shift the burden onto Claimant.  This

11  conclusion is further underscored by the Supplemental Rules' grant

12  of permission for special interrogatories at this stage in the

13  proceedings.  Supp. R. G(6)(a), (b) (permitting interrogatories at

14  any time after the claim is filed and before discovery closes and

15  requiring answers be served within 21 days).

16      Finally, Claimant's verified response to Plaintiff's

17  interrogatories raises an additional objection -- that Plaintiff's

18  interrogatories seek information "in violation of Claimant's Fourth

19  Amendment rights against an unreasonable search and seizure of his

20  property and his . . . right . . . to have any evidence obtained as

21  a result of such illegality suppressed in these proceedings and/or

22  any other proceeding."  Kinney Decl. Ex. B at 5; see also, e.g.,

23  id. at 6, 8, 10, 12, 14, 16, 18, 20 (raising the same objection).

24  Nevertheless, Claimant's memorandum offers no analysis of this

25  contention.  Claimant's argument is, as best as the Court can

26  determine, simply repetitive of his argument, raised in his pending

27  motion to suppress, ECF No. 18, that the evidence obtained from the

28  search of his baggage should be suppressed.  Id.  To the extent

**United States District Court**
For the Northern District of California

1   Claimant is asserting an additional objection based on the

2   interrogatories themselves, just as in $133,420, Claimant has

3   offered no "coherent support for those objections," and the Court

4   similarly rejects them.[1] 672 F.3d at 644.

5

6   **IV. CONCLUSION**

7       The Court therefore finds that Plaintiff's motion should be

8   GRANTED.  Nonetheless, the Court notes that Claimant has so far

9   declined to raise any Fifth Amendment objections to these

10  interrogatories.  Because "courts must seek to accommodate the

11  defendant's right against self-incrimination in a civil forfeiture

12  proceeding," United States v. Thirteen (13) Mach. Guns, 689 F.2d

13  861, 864 (9th Cir. 1982), nothing in this order should be construed

14  to bar Claimant from raising such an objection.

15      IT IS THEREFORE ORDERED that the United States' Motion to

16  Compel Answers from Julio Figueroa to Special interrogatories is

17  GRANTED.

18      IT IS FURTHER ORDERED that Julio Figueroa shall serve

19  supplemental answers no later than fourteen (14) days from the date

20  of this order.

21

22      Dated: June 30, 2014

23                                  UNITED STATES DISTRICT JUDGE

24

25  _____
    [1] If, on the other hand, Claimant believes that ordering answers to
26  interrogatories would constitute a violation of his Fourth
    Amendment rights independent of the search and seizure of the
27  currency the Court takes no position on that issue.  Should
    Claimant wish to raise such an objection they may do so in a motion
28  for a protective order pursuant to Federal Rule of Civil Procedure
    26(d).