1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7              FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
                                    )  Case No. C 14-0780 SC
9                                   )
  UNITED STATES OF AMERICA          )  ORDER RE: PLAINTIFF'S CROSS-
10                                  )  MOTION FOR SUMMARY JUDGMENT
            Plaintiff,              )
11                                  )
       v.                           )
12                                  )
  $209,815 IN UNITED STATES         )
13 CURRENCY,                        )
                                    )
14          Defendant.              )
   _____)
15                                  )
                                    )
16 JULIO FIGUEROA,                  )
                                    )
17          Claimant.               )
                                    )
18 _____)
19

20      On June 3, the United States ("Plaintiff") filed its

21 opposition, ECF No. 39, to Julio Figueroa's ("Claimant") motion to

22 suppress, ECF No. 18.  In its opposition, Plaintiff included a

23 cross-motion for summary judgment noticed for June 20, 2014.  ECF

24 No. 39, at 1.  On June 17, Claimant filed a notice with the Court

25 requesting clarification regarding the present procedural posture

26 and scheduling for Plaintiff's cross-motion, arguing that

27 Plaintiff's cross-motion is procedurally deficient.  ECF No. 45.

28 Plaintiff disagrees, and filed its own notice requesting that the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Court direct Claimant's counsel to file his opposition to the

2  cross-motion prior to Claimant's counsel's overseas trip. ECF No.

3  46.

4      Claimant is right. Plaintiff's cross-motion is procedurally

5  deficient for two reasons. First, Plaintiff noticed the cross-

6  motion for a date impermissible under the Local Rules. <u>See</u> Civ.

7  L.R. 7-2(a) ("[A]ll motions must be . . . noticed . . . for hearing

8  <u>not less than 35 days after filing of the motion</u>.") (emphasis

9  added); <u>see also</u> Civ L.R. 56-1. The fact that Plaintiff's counsel

10 did not obtain a specific hearing date for the cross-motion and the

11 motion was not "set" for June 20, 2014 does not alter this

12 conclusion. ECF No. 46, at 2. Second, the cross-motion contains

13 several other technical deficiencies. <u>See</u> Civ. L.R. 7-2(b)(3),

14 (c); 7-4(a)(2).

15     Because the attempted cross-motion was not "duly noticed"

16 under Civil Local Rule 7-1(a)(1), it is not properly before the

17 Court and Claimant is under no obligation to respond. As a result,

18 the only pending motion in this matter is Claimant's motion to

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

suppress, ECF No. 18.  If the United States wishes to pursue a motion for summary judgment, it is instructed to refile in a manner compliant with the local rules.[1]

IT IS SO ORDERED.

Dated: June 30, 2014



UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that Plaintiff considers "the opposition [to Claimant's motion to suppress] and the motion . . . factually and legally intertwined," and that much of the brief is dedicated to opposing the arguments Claimant raises in his motion to suppress. ECF No. 46, at 2.  This order is limited to clarifying the status of Plaintiff's cross motion, and has no effect on the Court's consideration of Plaintiff's brief as an opposition to the pending motion to suppress.  Nevertheless, in the future the Court will strike portions of filings that do not adhere to the local rules.