IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$209,815 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br><br>JULIO FIGUEROA,<br><br>    Claimant. | Case No. C 14-0780 SC<br><br>ORDER RE: ADMINISTRATIVE MOTION TO STRIKE DOCUMENTS 59 AND 62 <u>AND SCHEDULING ORDER</u> |

Now before the Court is Claimant's so-styled administrative motion to strike the United States' motion to strike Claimant's claim. ECF No. 67 ("Mot."). Ironically, in seeking to strike the motion to strike for failing to comply with the local rules, Claimant's counsel failed to comply with the local rules. See Civ. L.R. 7-11 (defining the circumstances in which an administrative motion is appropriate). A motion to strike is not appropriately filed and decided as an administrative motion. Accordingly Claimant's motion to strike the Government's motion to strike is

STRICKEN.

Nonetheless, Claimant has a point. The Government's initial motion to strike arguably suffers from the same defect the Court pointed out with the Government's earlier attempted cross-motion for summary judgment. See ECF No. 49 ("Cross-Motion Order") (discussing the failure to notice a permissible hearing date under the local rules). The Local Rules require a moving party to notice a hearing date and time "in one filed document . . . ." Civ. L.R. 7-2(a) (emphasis added). The fact that the undersigned's courtroom deputy was unavailable on the date the Government's counsel chose to file the motion to strike does not exempt the Government's counsel from this requirement. More troubling still is the (apparently uncontroverted) suggestion that in filing the motion to strike the Government did not first meet and confer with opposing counsel regarding the issues raised in the motion as required under Federal Rule of Civil Procedure 37(a)(1). Mot. at 2. Given the notice and accompanying supplemental answers recently filed by Claimant, it appears such a meet-and-confer would have been productive and spared the Court both the instant motion and perhaps the Government's motion to strike. See ECF No. 68-1. Setting this aside, the Court does not believe that striking the Government's motion to strike is the best course of action.

Instead, the Court merely notes its disapproval of the increasing gamesmanship in this case. The Court's prior admonishment that it would strike portions of future filings that did not comply with the local rules was an attempt to encourage order and civility in this case -- not to encourage the parties to file motions like this. See Cross-Motion Order at 3 n.1. Counsel

for both sides are experienced lawyers with extensive experience handling asset forfeiture cases and practicing in this judicial district (and opposite one another).  At this point, the Court does not doubt counsels' good faith, but hopes that the parties will heed the applicable procedural rules going forward.

In light of the presently tangled procedural posture and the potential confusion on applicable deadlines, the Court hereby ORDERS the following:

- The hearing on the Government's Motion for Summary Judgment currently scheduled for this Friday, August 8 at 10:00 AM is VACATED.
- Claimant shall file a supplemental brief of no more than five (5) pages limited to arguments in opposition to the Government's Motion for Summary Judgment based on their newly served Amended Supplemental Verified Response to United States' Special Interrogatories, ECF No. 68-1, within nine (9) days of the signature date of this order, on Friday, August 15, 2014.
- The Government shall file a supplemental brief of no more than five (5) pages limited to arguments responsive to those raised in Claimant's supplemental brief on the newly served Amended Supplemental Verified Response to United States' Special Interrogatories, ECF No. 68-1, seven (7) days later, on Friday, August 22, 2014.
- Once the Government files its supplemental brief, the Motion for Summary Judgment will be taken under submission and no argument will be held unless otherwise ordered.  See Civ. L.R. 7-1(b).

- Claimant shall file his response to the Government's Motion to Strike within seven (7) days of the signature date of this order, on Wednesday, August 13, 2014.
- The Government's shall file its reply in support of the Motion to Strike seven (7) days later, on Wednesday, August 20, 2014.
- The Motion to Strike will be heard as currently scheduled, on Friday, September 5, 2014 at 10:00 AM.

IT IS SO ORDERED.

Dated: August 6, 2014

UNITED STATES DISTRICT JUDGE

4