**DAVID M. MICHAEL, CSBN 74031**
**EDWARD M. BURCH, CSBN 255470**
**LAW OFFICES OF DAVID M. MICHAEL**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone: (415) 946-8996**
**Facsimile: (877) 538-6220**
**E-mail: david@davidmichaellaw.com**

**Attorneys for Claimant**
**JULIO FIGUEROA**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$209,815 IN UNITED STATES CURRENCY,

        Defendant.

_____/

JULIO FIGUEROA,

        Claimant.

_____/

No. 3:14-cv-00780-SC

**CLAIMANT'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) and TO STAY CLAIMANT'S OBLIGATION TO PROVIDE FURTHER RESPONSES PENDING DETERMINATION; MEMORANDUM OF LAW.**

**Date: February 6, 2015**
**Times: 10:00a.m.**
**Courtroom 1 - 17th Floor**

TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

      PLEASE TAKE NOTICE that Claimant Julio Figueroa, by and through counsel, hereby respectfully moves this Court for an order certifying the Court's December 8, 2014 Order (Doc. 87 at pp. 20-27) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), to the extent the Order declines to reconsider its earlier Order compelling further interrogatory responses and

Claimant's Motion For Certification Of Order For Interlocutory Appeal
Pursuant To 28 U.S.C. § 1292(B)
Case No. 3:14-cv-00780-SC

1

1   compelling even further interrogatory responses.  Claimant also moves this Court to stay

2   Claimant's obligation to respond further to the special interrogatories until after the Court

3   resolves this motion and any interlocutory appeal is decided.

4        The grounds for this motion are that there are substantial grounds for difference of

5   opinion as to whether a civil forfeiture claimant must provide responses to further special

6   interrogatories about a defendant property that was seized from him when the claimant has

7   already established standing with his verified claim of ownership, his prior responses to special

8   interrogatories that establish his identity and relationship to the defendant property, and the fact

9   that the defendant property was seized from his possession.  An immediate appeal from this

10   Court's Order is the only way this important issue will be resolved where Claimant can avoid

11   giving up a substantial right without having to defy a court order.

12        Further, there is no prejudice to the government since it will be able to obtain the

13   information in regular discovery following the Case Management Conference, now scheduled for

14   6 February 2015, at 10:00 a.m., where **both parties** will be able to then engage in mutual

15   discovery, rather than the one-sided discovery now sought by the government only related to the

16   issue of standing.

17                    Respectfully Submitted,

18   Dated: 19 December 2014

19                    *s/Edward M. Burch*
                      DAVID M. MICHAEL
20                    EDWARD M. BURCH
                      Attorneys for Claimant Julio Figueroa
21

22

23                    **MEMORANDUM OF LAW**

24        Claimant respectfully but firmly believes that this Court's orders erroneously compelled

25   further responses to special interrogatories in this case where Claimant undeniably established

26   standing with his verified claim of ownership, his initial responses to the government's unilateral

27   special interrogatories, the undisputed facts in this case, and this Court's unambiguous ruling on

28   that very issue. The relevant cases, *U.S. v. $133,420*, 672 F.3d 629, 643 (9th Cir. 2012), *U.S. v.*

1  *$999,830.00 (Simard - Claimant)*, 704 F. 3d 1042, 1043 (9th Cir. 2012), and *United States v.*

2  *$154,853.00 in United States Currency*, 744 F.3d 559, 563-564 (8th Cir. 2014), read together are

3  harmonized easily and conclusively support Figueroa's view.

4      Absent interlocutory review by the Ninth Circuit, which can only be accomplished with

5  this Court's certification or by Claimant electing to defy this Court's order, this important issue

6  will remain unresolved and the government will continue to use and abuse with impunity the

7  limited Rule G(6) special interrogatories to bully claimants into unnecessary discovery battles

8  over the merits of the case, before the claimant can even propound a single discovery request

9  himself or even enter the courthouse doors.

10  **I.    RELEVANT FACTS**

11      The relevant undisputed facts here are now well-known to this Court: federal law

12  enforcement agents stopped Claimant Julio Figueroa after he arrived on a flight at the San

13  Francisco International airport and attempted to exit the airport; agents eventually seized the

14  Defendant property from Figueroa's personal luggage and retained it for forfeiture proceedings.

15      The government eventually filed this forfeiture action against the Defendant property and

16  Figueroa filed a claim opposing forfeiture in which he claimed to own all of the property. The

17  government then served special limited interrogatories invoking Rule G(6) of the Supplemental

18  Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (which allows only

19  interrogatories  "limited to the claimant's identity and relationship to the defendant property ..."

20  to "permit the government [ ] to gather information that bears on the claimant's standing")[1], and

21  Figueroa responded, providing his personal identifying information and confirming again that he

22  owned all of the property and that it was seized from him, and additionally objecting on the

23  grounds that the interrogatories exceeded the scope and purpose of Rule G(6).

24      This Court, although already ruling that Figueroa does, in fact, have standing, disagrees

25  that no further special interrogatories can be propounded, and has now twice ordered Figueroa to

26  provide more and more discovery, all at a time when Figueroa is not permitted to take his own

27

---

28  [1] *See* Advisory Committee Note to Rule G(6).

Claimant's Motion For Certification Of Order For Interlocutory Appeal          3
Pursuant To 28 U.S.C. § 1292(B)
Case No. 3:14-cv-00780-SC

discovery and when there is no serious doubt that Figueroa has case-or-controversy standing to

contest the seizure of his money that was taken directly from him by the government's agents

here.

This motion to certify for appeal the Order compelling further responses from Figueroa

follows.

## II.    ARGUMENT

An interlocutory appeal in a civil case such as the present is warranted when a controlling

question of law, to which a substantial ground for difference of opinion exists, may ultimately

advance the termination of the litigation. 28 U.S.C. § 1292 (b) reads in its entirety:

> **(b)** When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such <u>order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation</u>, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: Provided,
> however, That application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

(emphases added.)

As to a "controlling question of law" issue, the "legislative history of subsection (b) of

section 1292 . . . " indicates that the section was to be used  " … where decision of an

interlocutory appeal might avoid protracted and expensive litigation." *United States Rubber Co.

v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). *See also United States ex rel. Hollander v. Clay*,

420 F. Supp. 853, 859 (D.D.C. 1976). Said another way, a question of law is "controlling" under

§ 1292 "if interlocutory reversal would [ ] at least <u>conserve time for the lower court or time and

expense for the parties</u>." *See e.g. Scoggin v. Weinman* (*In re Adam Aircraft Indus.*), 2010 U.S.

Dist. LEXIS 24461 (D. Colo. Feb. 23, 2010) (emphases added) (citing *Cook v. Rockwell Int'l

Corp.*, 564 F.Supp.2d 1189, 1215 n.17 (D. Colo. 2008) and 16 Charles A. Wright et al., Federal

Practice and Procedure § 3930 (2d ed. 1996)).

Thus, the "resolution of an issue need not necessarily terminate an action in order to be 'controlling[.]'" *See e.g. Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 23-24 (2d Cir. 1990); *Kiobel v. Royal Dutch Petroleum Co*., 456 F. Supp. 2d 457, 468 (S.D.N.Y. 2006), affirmed in relevant part at *Kiobel v. Royal Dutch Petroleum Co*., 2010 U.S. App. LEXIS 19382 (2d Cir. Sept. 17, 2010.)

Also important here, a question of law "is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *See Federal Deposit Ins. Corp. v. First Nat'l Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (citing *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515, 525 (S.D.N.Y. 1973), appeal dismissed, 496 F.2d 1094 (2d Cir. 1974).

To say that federal asset forfeiture is widespread would be a gross understatement. 2009 was "the fourth year since inception of the [federal forfeiture] Fund that it has exceeded $1 billion in deposits." *See* USDOJ Assets Forfeiture Fund and Seized Asset Deposit Fund Annual Financial Statement Fiscal Year 2009, Report No. 10-10 (1/10) at p. 11[2]. The Justice Department's forfeiture fund (which does not include forfeitures from customs agents) ballooned to $3.1 billion in 2008, and in 2009 was at nearly $4 billion in assets. *Id*. at p. 31. This Court can only guess as to what the fund will end up being in 2014.

And, as the government has demonstrated here, it routinely[3] uses the limited discovery device of Rule G(6) (which is intended to mostly personally identify the claimant, distinguish his ownership or possessory interest, and, if possessory, to parse out standing issues when such are genuinely in question) as a way to strike legitimate claimants from the case at the earliest possible stage in order to obtain forfeiture by a disfavored default judgment and avoid having to prove the merits of its case. At best, like here, such attacks waste limited resources and time of

---

[2] Viewed at http://www.justice.gov/jmd/afp/01programaudit/fy2009/fy2009_afs_report.pdf

[3] Recognizing this Court's earlier admonishment, it would not be appropriate to reference this claim by further citations. Nonetheless, the earlier pleadings and cases cited disclose perfect examples of the government's widespread practice of conflating standing inquiries with merits inquiries to set up motions to strike victims of federal law enforcement property seizures, all while claimants must stand helplessly by.

1   claimants, their counsel, and district courts and abuse a law that was designed to be more

2   favorable to claimants, rather than more punitive.

3       To the extent that § 1292(b)'s "advance the ultimate termination of the litigation"

4   requirement has been considered a distinct and separate prong of the statute, it has been said to

5   "properly turn[] on pragmatic considerations." *See Federal Deposit Ins. Corp. v. First Nat'l*

6   *Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (citing *SCM Corporation v. Xerox Corporation*,

7   474 F. Supp. 589, 593 (D. Conn. 1979)).

8       In *Rollins v. Dignity Health*, 2014 U.S. Dist. LEXIS 165531, 6 (N.D. Cal. Nov. 26,

9   2014), this Court recently granted a motion to certify an issue for interlocutory appeal, reasoning:

10  that there was "no[ ] dispute that the question to be certified is a controlling question of law in

11  this case [where] Plaintiff has used the Court's Order as the basis for motions for a permanent

12  injunction and for class certification, charting the litigation's current trajectory." Similarly here,

13  the government has used this Court's order compelling discovery as a basis to strike Figueroa

14  from the case and avoid proving the merits of its case. *Rollins* went on to reason that

15  interlocutory appeal was appropriate because "the attendant costs of discovery, will vary

16  significantly depending on the resolution of this issue" (Id. **7-8) and the costs that would be

17  avoided if the Court of Appeals ruled favorably for defendant would be significant. ("These costs

18  could be avoided, perhaps entirely, by a reversal at the Court of Appeals.") *Id.*

19      While the additional costs for Figueroa to provide further responses would not be as high

20  as the defendant in *Rollins*, the costs that could and would be avoided for countless future

21  claimants in this Ninth Circuit make a compelling case for interlocutory appeal. The Ninth

22  Circuit's following of the Eight Circuit and resolving this issue in Figueroa's favor will thus

23  certainly "contribute to the determination, at an early stage, of a wide spectrum of cases." *See*

24  *Federal Deposit Ins., supra* 604 F. Supp. 616, 620. Furthermore, there is absolutely no prejudice

25  to the government, since they will be entitled to the discovery they ask via regular discovery

26  following the Case Management Conference, on 6 February 2014, at which time both parties, on

27  an equal basis, will be able to go forward with general discovery and pretrial motions. In other

28  words, the only result from resolving this issue with an interlocutory appeal will be that the

Claimant's Motion For Certification Of Order For Interlocutory Appeal
Pursuant To 28 U.S.C. § 1292(B)
Case No. 3:14-cv-00780-SC

6

government will have to wait some additional time to obtain merits discovery, no other litigation in this Court will occur in the case at that time, and the government will continues to retains Figueroa's seized property, resulting in no prejudice whatsoever to the government.

Also weighing heavily for interlocutory appeal here is another consideration: an exceptional circumstance appears under § 1292 " 'where prohibiting review would force an appellant to lose an important right' <u>or</u> where 'an appellant will effectively be denied review if the proceeding progresses to its natural end.' " *Scoggin v. Weinman (In re Adam Aircraft Industries, Inc.),* 2010 WL 717841, at *2 (D. Colo Feb. 23, 2010) (emphases added.) This appears to be well established:

> … interlocutory review is reserved for those issues that present exceptional circumstances. [ ]. <u>Exceptional circumstances that warrant interlocutory review include cases where prohibiting review would force an appellant to irrevocably lose an important right</u>, and cases where an appellant will effectively be denied review if the proceeding progresses to its natural end. [ ]

*United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 233 (B.A.P. 10th Cir. 1999).

Here, prohibiting interlocutory review would force Figueroa to lose an important right – to be free from government overreach and unnecessary expense and, instead, be forced to participate in one-sided discovery while unable to raise the legitimate interests he may also have in challenging the government's seizure and attempted forfeiture of his property.

Moreover, Figueroa will effectively be denied review if the proceeding progresses to its natural end because he will have provided further responses and mooted the issue if this Court declines interlocutory review. Said another way, if this Court declines interlocutory review of this issue, the only way Figueroa, or any claimant, could ever obtain review of the issue and avoid the government from attempting to use this Court's order as a weapon in every other forfeiture case in this circuit (and probably elsewhere) is by refusing to comply with a court order and risking losing the forfeiture case in the District Court.

### A.    This Court's Order Compelling Discovery Involves Question To Which There Is Substantial Ground For Difference Of Opinion

There can be no serious conclusion but that there is substantial ground for Figueroa's

Claimant's Motion For Certification Of Order For Interlocutory Appeal
Pursuant To 28 U.S.C. § 1292(B)
Case No. 3:14-cv-00780-SC

7

view on this issue. Indeed, the Eight Circuit recently decided this issue in favor of Figueroa's

position here:

> The next issue is whether Marcus sufficiently claimed an ownership interest in the remaining $4,500 Marcus claimed he earned through his employment. The district court struck Marcus's Amended Verified Claim as to this amount, concluding Marcus failed to satisfy the requirements of Supplemental Rule G(6).
>
> … "The purpose of the rule is 'to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing.'" [ ]
>
> On September 21, 2012, the government served ten special interrogatories on Marcus pursuant to Supplemental Rule G(6). The interrogatories sought information regarding Marcus's relationship to the seized currency. Marcus submitted responses on November 30, 2012. However, he provided a limited response to each of the interrogatories:
>
> > I object to answering this interrogatory for the reason that any answer I would provide would be evidence derived from prior violations of the Fourth and Fifth Amendment to the United States Constitutions and that I claim the Fourth Amendment and Fifth Amendment exclusionary rules as a privilege against answering at this time.
>
> The district court concluded Marcus's grounds for refusal were insufficient to satisfy Supplemental Rule G(6). However, in so concluding, the district court noted "Supplemental Rule G(6) plays a 'special role' in determining claim standing[.]" Further, in its brief, the government also acknowledged the role of special interrogatories, noting, "[t]he purpose of special interrogatories provided for in Supplemental Rule G(6) is to allow the government the ability to determine at the outset whether claimants have standing to contest forfeiture of the defendant property." [ ] In addition, during oral argument, the government's counsel conceded Marcus's standing as to the $4,500 allegedly earned through his employment, stating, "I think that's enough to give him standing. I think that meets the statutory standing for that portion of money. Absolutely, I agree that it does . . . . But he did have statutory standing for the $4,500. I do agree with that."
>
> Therefore, it is unclear why the district court struck the claim as to the $4,500 Marcus claimed to have earned "through his employment." Such a claim appears sufficient to state a colorable "ownership interest" as required by 18 U.S.C. § 983(d)(6)(A), as Marcus would certainly have an ownership interest in earned income. **If Marcus had already established standing** as to the $4,500, as the government concedes, **then special interrogatories were unnecessary to determine his standing** as to that currency. Thus, **the district court abused its discretion in striking Marcus's Amended Verified Claim** as to the $4,500 **for failure to adequately respond to the special interrogatories when no special interrogatories were necessary to determine standing**.

*U.S. v. $154,853.00 in United States Currency*, 744 F.3d 559, 563-564 (8th Cir. 2014) (emphases added) (citing *U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012)). As noted, Rule G(6)(b) expressly allows a claimant to respond with only objections.

This Court (also citing *$133,420.00*) stated exactly contrarily: "[b]y the Court's reading of the Supplemental Rules and applicable precedent, [Figueroa having established standing with his verified claim] does not relieve Figueroa of the obligation to respond to special interrogatories." Doc. 87 at 21.

Notably, and with all due respect, the precedent cited by this Court for the contrary view is inapposite dicta. First, *$133,420.00's* language that the claimant there was required to provide further responses to the special interrogatories, aside from being dicta, was firmly and explicitly grounded in the fact that that claimant had ***not*** established standing in his verified claim because he ***did not*** claim ownership in his verified claim:

> [A] claimant seeking to establish standing on the basis of a possessory interest must explain the circumstances of that possession. [ ]. Here, Louis did not unequivocally claim an ownership interest in the currency until he responded to the interrogatories. Until then, Louis had left open the possibility that he was claiming only a possessory interest in the defendant property. Thus, information as to the circumstances under which the currency was obtained is information that "bears on [Louis's] standing." [ ]

672 F. 3d 629, 643 (emphasis added) (citation omitted).  A later panel of this Ninth Circuit, explicitly noted that distinction and hammered it home.  *See $999,830.00 (Simard - Claimant)*, 704 F. 3d 1042 (9th Cir. 2012).  Thus, this Court, as the district court in *$999,830*.00 did, simply "erred ... by applying the standard of proof for a claimant asserting a possessory, rather than an ownership, interest in property." 704 F. 3d 1042, at 1043.

In fact, it is unclear if this Court is actually convinced that it should not reconsider its view, since this Court declined to reconsider its Order compelling discovery only because the limited permissible bases for reconsideration in this Court's local rule had not been met. See Doc. 87 at 21 ("disagreement with the Court's orders is not a basis for reconsideration.  See Civ. L.R. 7-9(b)- (c)." Figueroa believes that legal error is a valid basis for this Court to reconsider a prior order, but if this Court feels constrained by the local rule, then interlocutory appeal is all

1    the more appropriate.

2    **III.    CONCLUSION**

3           For the foregoing reasons, Figueroa respectfully requests that this Court certify this case

4    for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the sole issue of whether Figueroa,

5    having already established standing, must provide further responses to the government's Rule

6    G(6) special interrogatories.

7

8

9                                              Respectfully Submitted,

10   Dated: 19 December 2014

11                                              *s/David M. Michael*
                                               *s/Edward M. Burch*
12                                              DAVID M. MICHAEL
                                               EDWARD M. BURCH
13                                              Attorneys for Claimant Julio Figueroa

14

15

16                        **CERTIFICATE OF ELECTRONIC SERVICE**

17           I hereby certify that, on 21 December 2014, I caused to be electronically filed the

18   foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of

19   electronic filing on all ECF-registered counsel by operation of the Court's electronic filing

20   system. Parties may access this filing through the Court's system.

21                                              *s/David M. Michael*

22

23

24

25

26

27

28

Claimant's Motion For Certification Of Order For Interlocutory Appeal                              10
Pursuant To 28 U.S.C. § 1292(B)
Case No. 3:14-cv-00780-SC