United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Plaintiff,

v.

$209,815 IN UNITED STATES CURRENCY,

Defendant.

JULIO FIGUEROA,

Claimant.

Case No. C 14-0780 SC

ORDER DENYING MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL

## I. INTRODUCTION

This is a fully-briefed motion[1] to certify one of the Court's orders, ECF No. 87 ("Order"), for interlocutory appeal under 28 U.S.C. Section 1292(b). Specifically, Figueroa, a civil forfeiture claimant seeking to recover cash seized during an encounter with the DEA at San Francisco International Airport, seeks leave to file an interlocutory appeal of the Court's order compelling supplemental answers to special interrogatories served by the

[1] ECF Nos. 89 ("Mot."); 92 ("Opp'n"); 93 ("Reply").

United States District Court
For the Northern District of California

Government because "there are substantial grounds for difference of opinion as to whether a civil forfeiture claimant must provide responses to further special interrogatories about a defendant property that was seized from him when the claimant has already established standing . . . ." Mot. at 1-2. The motion is appropriate for resolution without oral argument under Civil Local Rule 7-1(b) and, for the reasons set forth below, the motion is DENIED.

## II. BACKGROUND

This is a civil forfeiture case relating to $209,815 in United States currency ("the Currency") seized from Figueroa's luggage during a lawful and consensual encounter with DEA agents at San Francisco International Airport. See See ECF No. 87 ("Prior Order") at 2-7 (exhaustively summarizing the factual and procedural history of this case).

After Figueroa filed his verified claim, pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government served special interrogatories on Figueroa. After Figueroa provided allegedly insufficient responses, the Government filed a motion to compel, which Figueroa opposed, arguing that because his answers were sufficient to establish his standing to contest the forfeiture no further responses were necessary. The Court agreed with the Government and, relying on the Ninth Circuit's decision in United States v. $133,420, 672 F.3d 629 (9th Cir. 2012), which rejected a substantially similar

///

United States District Court
For the Northern District of California

argument, granted the motion to compel. ECF No. 48 ("Mot. to Compel Order") at 4-5.

After Figueroa supplemented his answers, the Government filed several motions arguing, among either things, that Figueroa lacks standing to contest the forfeiture and, because Figueroa's responses to special interrogatories were insufficient, the Court should strike his claim (a remedy authorized by Supplemental Rule G(8)(c)(i)(A)). Once again, Figueroa opposed these motions, arguing that because his answers to special interrogatories establish his standing to contest the forfeiture, he need not respond beyond that point. While the Court agreed with Figueroa that he has standing, the Court once again rejected Figueroa's view of the relationship between standing and special interrogatories. Prior Order at 17-18, 25-26. As a result, the Court granted Figueroa a final opportunity to supplement his answers to the Government's special interrogatories by December 22, 2014.

Figueroa declined to supplement his answers, instead asking the Court to certify its prior order for interlocutory appeal under 28 U.S.C. Section 1292(b) and stay the action pending the Ninth Circuit's resolution of relationship between standing and special interrogatories. The Government opposes this request.

## III. DISCUSSION

Section 1292(b) permits a district court to certify an otherwise non-appealable order for interlocutory review when the court concludes "there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."

United States District Court
For the Northern District of California

"[T]his section [is] to be used only in exceptional situation in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Because the Court finds the requirements of "substantial ground for difference of opinion" and potential for "materially advancing the ultimate termination of the litigation" are not satisfied here, the Court will not certify its prior order for interlocutory review.

The Court finds that Figueroa cannot satisfy the first prong of Section 1292(b) because his argument is foreclosed by binding precedent. See In re First Am. Corp. ERISA Litig., No. SACV 07-01357-JVS (RNBx), 2008 WL 5666635, at *2 (C.D. Cal. Sept. 12, 2008) ("[T]he fact that there is non-binding precedent in jurisdictions other than the Ninth Circuit is insufficient to show a 'substantial ground' for difference of opinion in light of the apposite and controlling precedent" in the Ninth Circuit); see also APCC Servs. v. ESH AT&T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003) ("A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits.").

As the Court has repeatedly found, Figueroa's argument is essentially the same as the argument the Ninth Circuit rejected in United States v. $133,420, 672 F.3d 629 (9th Cir. 2012). In $133,420, the claimant argued that "because a claimant can establish standing merely by asserting an interest in the property, and because the advisory committee's note to Supplemental Rule G(6) limits the interrogatories to questions 'bearing on a claimant's standing' it follows that Rule G(6) allows only questions regarding

**United States District Court**
For the Northern District of California

the identity of the claimant and the type of legal interest asserted." Id. at 642. The Ninth Circuit rejected that argument, finding that the text and advisory committee notes for Supplemental Rule G(6) contemplated interrogatories bearing on more than simply the claimant's identity and type of property interest claimed. Id. at 642-43. In so doing, the court found that interrogatories probing, among other things, "the date(s), time, place and manner in which the defendant currency[] was obtained, including the names, address and telephone numbers of the person(s) from whom the currency was obtained," and "the circumstances of each transaction by which you acquired or obtained any interest in the defendant currency," were "well within the scope of [Rule G(6)]." Id. at 636, 643 n.5; see also Mot. to Compel Order at 5-6.

Nonetheless, as Figueroa points out, this case is unlike $133,420 because the Court has already found that Figueroa has standing to contest the forfeiture. See Prior Order at 17. In Figueroa's view, this distinction is significant in light of a recent Eighth Circuit case, United States v. $154,853, 744 F.3d 559 (8th Cir. 2014), which found that if a claimant has standing to contest the forfeiture, "then special interrogatories [are] unnecessary to determine [the claimant's] standing as to that currency. Thus the district court abused its discretion in striking [the claimant's verified claim] . . . for failure to adequately respond to the special interrogatories when no special interrogatories were necessary to determine standing." 744 F.3d at 564.

But the Court does not believe the Ninth Circuit's logic in $133,420 can be reconciled with the Eighth Circuit's conclusion in

United States District Court
For the Northern District of California

$154,853. Concluding, as the Eighth Circuit did, that the obligation to respond to special interrogatories ends as soon as the claimant has responded sufficiently to demonstrate standing would make responses to special interrogatories the Ninth Circuit has specifically endorsed as "well within the scope of [Rule G(6)]" optional. $133,420, 672 F.3d at 642-43. In other words, if the Court were to adopt Figueroa and the Eighth Circuit's view, consistent with $133,420, the Government could serve special interrogatories "seek[ing] information beyond the claimant's identity and type of property interest" claimed, however the claimant would be under no obligation to answer those interrogatories so long as the answers he did provide were sufficient to confer standing at that stage of proceedings. Id. As a result, even if the posture is different than $133,420 the theory is the same: because Figueroa has standing he need not answer special interrogatories. The Ninth Circuit has rejected that theory, and the existence of non-binding authority elsewhere to the contrary does not create a substantial ground for difference of opinion. See In re First Am. Corp., 2008 WL 5666635, at *2. As a result, Figueroa cannot satisfy the first prong of Section 1292(b).

Furthermore, even if Figueroa could demonstrate substantial grounds for difference of opinion, resolving this issue would not materially advance the ultimate termination of the litigation. Even if the Ninth Circuit were to grant interlocutory review and determine that Figueroa is correct, and that he need not respond to the Government's special interrogatories, there is no question that the Government would be entitled to the same information in the

United States District Court
For the Northern District of California

ordinary course of discovery. See Fed. R. Civ. P. 26(b)(1) (describing the scope of discovery). Given that ordinary discovery will be permitted as soon as the parties complete their Rule 26(f) scheduling conference, currently set to take place on Friday, February 20, 2015, the resolution of this issue is unlikely to materially advance proceedings.

## IV. CONCLUSION

Because Figueroa cannot show either substantial grounds for a difference of opinion or that granting interlocutory appeal will materially advance the litigation, his motion to certify the Court's prior order for interlocutory appeal is DENIED. Instead, the Court ORDERS Figueroa to serve the supplemental responses to special interrogatories ordered previously, Prior Order at 26-27, by Friday, February 13, 2015.

IT IS SO ORDERED

Dated: February 9, 2015

UNITED STATES DISTRICT JUDGE