MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PATRICIA J. KENNEY (CABN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: 415.436.6857
    Facsimile:  415.436.7234
    Email: patricia.kenney@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$209,815 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br><br>JULIO FIGUEROA,<br><br>    Claimant. | CASE NO. 14-0780 SC<br><br>REPLY OF THE UNITED STATES IN SUPPORT OF IT REFILED MOTION TO STRIKE CLAIMANT'S CLAIM AND ANSWER AND FOR ENTRY OF A DEFAULT JUDGMENT<br><br>Date: April 3, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1 – 17th Floor |

**Memorandum of Points and Authorities in
Support of the Government's Motion to Strike**

I.    Argument[1]

Claimant, not the United States, has the burden of establishing standing to assert a claim in this civil forfeiture action.  The United States is authorized to use special interrogatories to ferret out those facts on which claimant relies to assert an ownership claim to defendant $209,815 based on his assertion that $104,709.50 of defendant is "earnings" and $104,709.50 came from an "inheritance."

The United States is warranted in using special interrogatories to explore the sources of defendant currency, how and from whom claimant acquired defendant and who can substantiate claimant's claims.  Supp. Rule G(6).  The United States has properly used special interrogatories to develop evidence that claimant was a drug courier and, as a result, can only assert standing to defend that portion of defendant used to pay him which the United States submits was probably about $2,000 to $3,000.  Key to the development of the government's argument is that claimant will be unable to prove that $104,709.50 came from his earnings or that $104,709.50 was an inheritance.  Because claimant failed to respond adequately to Special Interrogatories about his earnings and inheritance, the Court should strike his claim and answer.  Supp. G(8)(c)(i)(A).

In short, the government's motion to strike is based on considerations *sui generis*, unique, to civil forfeiture actions and, contrary to claimant, no Rule 37 sanction is sought in this case at this time, regardless of claimant's outright disregard and defiance of this Court's orders.[2]  *Id.*  In its December 8,

---

[1]  The United States is attaching a summary which shows each interrogatory and claimant's responses to it for the convenience of the Court and counsel, but which omits the pages and pages of objections which make it difficult to review claimant's responses.  *See* Exhibits 1, 2 and 3 attached.

[2]  The government's motion is not about counsel's improper conduct in defying court orders nor does it raise the question of whether such action is sanctionable under Rule 37.  Fed. R. Civ. P. 37.  The sole question is whether claimant's responses to the Special Interrogatories are – after five tries (two of which on August 4, 2014 and March 5, 2015 were untimely) – fail to respond adequately to special interrogatories pursuing information on which claimant will attempt to prove he has standing.

Further, claimant's argument that the motion to strike should be denied because of an alleged failure to comply with Rule 37's meet-and-confer requirement is bogus.  Although the meet-and-confer requirement is not applicable to a Rule G(8) motion to strike, the government held a meet-and-confer with claimant's counsel last June before moving to compel.  The government has repeatedly in briefs articulated why claimant's responses are deficient, but claimant has failed to address all the deficiencies.

2014 decision, the Court found claimant's responses to Special Interrogatories 3, 4 and 10 deficient up to that point in time which included his initial responses (May 5, 2014) and two supplements (July 14, 2014 and August 4, 2014. Thus, the sole question is whether claimant has corrected those deficiencies in his February 13 response or his untimely filed March 5, 2015 response.

### A. Claimant's Response to Special Interrogatory No. 3 Remains Inadequate.[3]

Neither claimant's February 13, 2015 nor his untimely March 5, 2015 supplemental response to Special Interrogatory No. 3 corrected the deficiencies that the Court observed in its December 8, 2014 order. Claimant admits he failed to perform an adequate search for responsive documents. Claimant also provided an implausible response that he has only two documents reflecting earnings of $523 in 2009 to support his claim that $104,907.50 of defendant came from his "earnings."

First, claimant is required to conduct a complete and thorough search for documents which he admits he did not do. After initially refusing to respond to Special Interrogatory No. 3 on May 5, 2014, on July 14, 2014 and on August 4, 2014, then claimant on February 13, 2015 stated that he has no responsive documents, except for two pay stubs (more about those below), and explained: "It is possible that I may be able to find or obtain a handful of invoices from freelance consulting and graphic design that I have done over the last few years." This statement is tantamount to an admission that he failed to conduct a proper and thorough search for responsive documents. Thus, his response is incomplete and inadequate which constitutes a failure to respond. Fed. R. Civ. P. 37(a)(4).

Second, claimant's identification of only two pay stubs totaling $523 in "earnings" to support his claim that he had $104,907.50 in "earnings" is implausible. Specifically, Special Interrogatory No. 3

---

   Finally, claimant's argument particularly makes no sense especially as it concerns Special Interrogatory No. 4. The Court ordered claimant to respond further to Special Interrogatory No. 4 in its December 8, 2014 order by February 13 and explained why it was deficient. On February 13, claimant did not provide any supplement to Special Interrogatory No. 4. Application of a meet-and-confer requirement makes no sense in this context. Similarly, the Court in its December 8 order explained why Special Interrogatories Nos. 3 and 10 were deficient and gave the United States permission to refile its motion to strike if the responses were not sufficient. Again, the meet-and-confer in this context was not required.

[3]  Exhibit 1 attached contains the text of Special Interrogatory No. 3 and claimant's initial responses as well as his four amendments from May 5, 2014; July 14, 2014; August 4, 2014; February 13, 2015; and March 5, 2015.

US Reply Supp. Refiled Mot.
NO. 14-CV-00780 SC                                   2

1 asked claimant to identify all documents that referred or related to claimant's interest in defendant
2 $209,815. Claimant swore that his interest in approximately one half of defendant ($104,907.50) came
3 from his "earnings" and the other half ($104,907.50) came from an "inheritance from his grandmother."
4 *See* Kenney Decl., filed July 18, 2014, Exhibit C (Claimant's [July 14, 2014 Compelled] Supplemental
5 Verified Response, etc. at 6:11-16). Although the Court in its June 30, 2014 order compelled claimant
6 to respond further to Special Interrogatory No. 3 and identify documents, claimant failed to identify any
7 documents on July 14, 2014. *Id.* Faced with a motion to strike his claim and answer, however, claimant
8 on August 4, 2014 filed a second supplemental response to Special Interrogatory No. 3 in which
9 claimant identified only two responsive documents, two pay stubs for a one month period in 2009
10 showing he earned a total of $523 that month. Claimant's claim is implausible that he only has evidence
11 that $523 of the $104,907.50 is "earnings." Also implausible is his claimant's assertion he has no
12 documents, not even bank statements showing a deposit, to support a claimed "inheritance" of
13 $104,907.50.[4]
14 As a result, the government argued that claimant's August 4, 2014 identification of two pay slips
15 totaling $523 was an inadequate response. *See* Reply of the United States, etc., filed September 3, 2014.
16 The government argued that "[t]he type of responsive documents which might support $104,907.50 in
17 earnings could be business receipts for consulting, receipts for graphic design work, a ledger of the
18 income from his business, income tax returns and the like . . . ." *Id.* The Court agreed that claimant's
19 response to Special Interrogatory No. 3 was inadequate and compelled claimant to respond. Order, etc.,
20 entered December 8, 2014 at 24.
21 In response to the government's arguments and the Court's second order compelling claimant to
22 respond, claimant swears he has no other documents to support that he has "earnings" of $104,907.50
23 and he swears he has no documents related to his "inheritance." *See* Kenney Decl.*,* Exhibit 1
24 (Claimant's Responses to Special Interrogatory No. 3 on February 13, 2015 and March 5, 2015). Thus,

---

[4] The two documents supporting claimant's claimed earnings of $104,907.50 are two pay stubs covering a one month period in 2009 when Insituto Familiar de la Raza Inc. paid him a total of $523 ($298.88 for the 2-weeks ending 9/30/09 and $224.16 for the 2-weeks ending 10/15/09). *See* Notice of Service and Filing of Claimant's Amended Supplemental Verified Response, filed August 4, 2014 (Response to Special Interrogatory No. 3, incorporating the response to Special Interrogatory No. 6).

US Reply Supp. Refiled Mot.
NO. 14-CV-00780 SC  3

claimant's sworn statement that the only two responsive documents he has are two paystubs for $523 to support $104,907.50 in earnings continues to be implausible. Claimant gives no explanation for why his earnings are not reflected in personal income tax records, business income tax records, or business ledgers and the like – documents which he is required to have created. Claimant failed to produce any documents related to his inheritance, including a will or correspondence or even a bank statement showing its deposit.

In sum, claimant's response to Special Interrogatory No. 3 is inadequate.[5] Provision of an incomplete or evasive answer is a failure to answer an interrogatory. Fed. R. Civ. P. 37(a)(4).

### B.    Claimant's Response to Interrogatory No. 4 Remains Inadequate.[6]

Neither claimant's February 13, 2015 nor his untimely March 5, 2015 response to Special Interrogatory No. 4 corrected the deficiencies that the Court observed in its December 8, 2014 order. Claimant failed either to provide how much of the $104,907.50 in earnings he obtained from each source he listed in his untimely March 5, 2015 submission, or to provide his best estimate of the amount each listed party gave him.

Special Interrogatory 4 asked claimant to identify the source from which claimant claims defendant $209,815 was derived by providing the source, the date received and the identity of the person from whom claimant received it (name, last known address, last known telephone number). Initially, claimant objected without providing a response. *See* Kenney Decl., filed July 18, 2014, Exhibit B (Claimant's Verified Response, etc.). After the Court compelled him to respond by June 30, 2014 order, claimant swore that "earnings" came from self-employment and work at Insituto Familiar de la Raza Inc., but did not provide the names of any clients or people who either paid him for his work, paid his wages or gave him his grandmother's inheritance. *See* Kenney Decl., filed July 18, 2014, Exhibit C (Claimant's [July 14, 2014 Compelled] Supplemental Verified Response, etc.); Notice of Service and

---

[5]  If this case proceeds, the United States will move to strike any other documentary evidence that claimant later asserts supports his claimed earnings of $104,907.50. Fed. R. Civ. P. 37(c).

[6]  Exhibit 2 attached contains the text of Special Interrogatory No. 4 and claimant's initial responses as well as his four amendments from May 5, 2014; July 14, 2014; August 4, 2014; February 13, 2015; and March 5, 2015.

US Reply Supp. Refiled Mot.
NO. 14-CV-00780 SC                 4

Filing of Claimant's Amended Responses, etc., filed August 4, 2014; Reply, etc., filed September 3, 2014, at 5-6.

The Court compelled claimant to fully answer. *See* Order, etc., filed December 8, 2014. Although counsel and the Court explained why his response to Special Interrogatory No. 4 was inadequate, claimant defied the Court's order compelling him to respond and did not provide any further supplement to Special Interrogatory No. 4 as ordered when he responded on February 13, 2015. *See* Order, etc., entered December 8, 2014; Order, etc., filed February 9, 2015; Kenney Decl., filed February 19, 2015, Exhibit D (Claimant's Supplemental Response, served February 13, 2015).

On March 5, 2015, claimant filed an untimely fourth supplement to Special Interrogatory No. 4. *See* Claimant's Response, etc., filed March 5, 2015, Exhibit 2 (Claimant's Amended Supplemental Response, etc.) Claimant had ignored the Court's February 13 deadline, failed to request additional time for good cause shown and filed a supplement almost three weeks late.

Claimant's March 5, 2015 supplemental response is still inadequate. Although claimant listed five entities and individuals who contributed to his earnings claim of $104,907.50, claimant failed to provide how much of the $104,907.50 he obtained from each. Even if he did not recall the exact amount, claimant was obligated to provide a good faith estimate, *i.e.,* did the individual claimant named provide him $5 in earnings or $50,000? The answer does make a difference to the United States in terms of where to allocate its investigative resources to test claimant's responses. Also, claimant still has not provided any information on who provided him with his claimed "inheritance" of $104,907.50 from his grandmother.

**C.    Claimant's Response to Interrogatory No. 10 Remains Inadequate.[7]**

Neither claimant's February 13, 2015 nor his untimely March 5, 2015 response to Special Interrogatory No. 10 corrected the deficiencies that the Court observed in its December 8, 2014 order. Claimant still has not provided any information about persons knowledgeable about his inheritance.

---

[7] Exhibit 3 attached contains the text of Special Interrogatory No. 10 and claimant's initial responses as well as his four amendments from May 5, 2014; July 14, 2014; August 4, 2014; February 13, 2015; and March 5, 2015.

US Reply Supp. Refiled Mot.
NO. 14-CV-00780 SC                5

Special Interrogatory No. 10 asks claimant to identify every person whom claimant believes has information pertaining to his claim.  As stated, claimant's claim is that $104,907.50 of defendant came from his "earnings" and $104,907.50 came from an "inheritance" from his grandmother.  Over the course of the briefs and the orders, counsel and the Court explained why claimant's responses were inadequate:  claimant provided no response to this interrogatory in his initial submission or in his compelled submissions through August 4, 2014.

Claimant first provided a partial response on February 13, 2015 when he swore, surprisingly, that he believed he was the *only* person who know about his interest in defendant $209,815, albeit it is difficult to credit claimant's statement because others should have known details about his claimed $104,907.50 in "earnings" and his claimed $104,907.50 in "inheritance."  In his untimely, March 5, 2015 submission, claimant finally identified two individuals at Instituto Familiar de la Raza whom he believed had information.  To date, claimant has still never provided any information about those persons with knowledge of his claimed "inheritance."

## II.     Conclusion

For the foregoing reasons, the United States respectfully requests the Court to strike claimant's claim and answer.  Because there are no other timely filed claims, the United States submits that the Court should also enter a default judgment for the United States.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: March 12, 2015

/s/
PATRICIA J. KENNEY
Assistant United States Attorney

US Reply Supp. Refiled Mot.
NO. 14-CV-00780 SC            6