IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

$209,815 IN UNITED STATES CURRENCY,

    Defendant.

JULIO FIGUEROA,

    Claimant.

Case No. C 14-0780 SC

ORDER DENYING MOTION TO STRIKE

## I.  INTRODUCTION

Now before the Court is a fully-briefed[1] motion by Plaintiff United States of America's ("the Government") to strike claimant Julio Figueroa's verified claim, ECF No. 11 ("Claim") and answer, ECF No. 14 ("Answer"), in this civil forfeiture action involving $209,815 in cash seized from Figueroa's luggage during a consensual encounter with Drug Enforcement Agency agents at San Francisco International Airport.  ECF No. 97 ("Mot."); see also ECF No. 87

---

[1] ECF Nos. 100 ("Opp'n"), 101 ("Reply")

("SJ Order") at 2-6 (summarizing the facts of Figueroa's encounter with the DEA and denying his motion to suppress). The Government argues the Court should strike Figueroa's claim and answer because he has repeatedly failed to provide sufficient responses to special interrogatories, a type of early discovery authorized by Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(6). See also Supp. R. G(8)(c)(i)(A) (authorizing motions to strike for failure to comply with Supplemental Rule G(6)).

The Court has ordered Figueroa to supplement his answers to the Government's special interrogatories on three occasions. See SJ Order at 26-27, ECF Nos. 48 ("Mot. to Compel Order"), 96 ("1292(b) Order"). Despite these Court orders (and two additional supplementations by Figueroa), the Government continues to believe Figueroa's responses are insufficient and his claim and answer should be stricken. Figueroa disagrees, arguing that the Government's motion to strike is procedurally deficient and that his responses are sufficient.

For the reasons set forth below the motion is DENIED.

**II. BACKGROUND**

After seizing the $209,815 at issue in this case from Figueroa's luggage, the Government filed a complaint alleging it is entitled to keep (or "forfeit" in civil forfeiture parlance) the currency as (the Government argues) it is proceeds derived from drug trafficking. See ECF No. 1; see also 18 U.S.C. § 981(a)(1)(B), (i) (providing for the forfeiture of "property . . . derived from, or traceable to . . . the manufacture, importation,

sale, or distribution of a controlled substance . . . ."). The Government's theory is essentially that Figueroa was a drug courier, ferrying money or drugs between various places around the country in exchange for a small cut of the proceeds.

Figueroa denies these allegations, contending that the $209,815 is his life savings, derived approximately half and half between a cash inheritance from his grandmother and his employment as a freelance consultant and graphic designer. ECF No. 57-1 ("Figueroa Decl.") ¶¶ 2-4. As a result, seeking to oppose the forfeiture and have the $209,815 returned, Figueroa filed two pleadings: (1) a verified claim, which must identify the property claimed and the claimant, state the claimant's interest in the property, and be served on the government, and (2) an answer which must be filed within 21 days of filing the claim. Supp. R. G(5)(a)(i), (b).

The Government responded to Figueroa's claim by propounding ten special interrogatories under Supplemental Rule G(6), to which Figueroa timely (but incompletely) responded. Supp. R. G(6)(b). Special interrogatories are intended to aid the Government in ferreting out unmeritorious or fraudulent claims. See United States v. $133,420, 672 F.3d 629, 635 (9th Cir. 2012) (quoting Advisory Committee Note to Subd. 6 of Supp. R. G). The special interrogatories the Government sent Figueroa probe, among other things, how and from whom Figueroa acquired the $209,815, the facts and records supporting his claim of lawful ownership of the money, and the identities and contact information of individuals with knowledge of Figueroa's interest in the money. ECF No. 22 ("First Kenney Decl.") Ex. A ("Special Interrogs."). Figueroa's responses

were riddled with boilerplate (largely frivolous) objections and stated "little more than . . . [Figueroa's] assertion of ownership and possession of the currency [asserted] in his verified claim," and as a result the Government filed a motion to compel further responses to nine of the ten special interrogatories. Mot. to Compel Order at 3; see also First Kenney Decl. Ex. B ("First Answers").

The Court granted the motion, notably rejecting Figueroa's two central contentions: (1) that the special interrogatories exceed the scope permitted by Supplemental Rule G(6), and (2) because Figueroa's responses and verified claim were sufficient to show his standing, and the purpose of special interrogatories is to probe matters "bearing on a claimant's standing," Supplemental Rule G(6), it therefore follows that special interrogatories are no longer necessary as to Figueroa. Mot. to Compel Order at 4-5. As the Court found, both arguments are barred by the Ninth Circuit's decision in United States v. $133,420, 672 F.3d 629 (9th Cir. 2012), which found substantially similar special interrogatories "well within the scope of the rule," id. at 643 n.5, and concluded Figueroa's second argument was contrary to "the text of Rule G(6)(a) itself," the advisory committee's notes, and the principles of statutory interpretation. Id. at 642-43. As a result, the Court granted the motion and ordered Figueroa to serve supplemental answers. Mot. to Compel Order at 7.

Shortly after Figueroa served his supplemental answers, the Government filed a motion to strike his claim, pointing out that while Figueroa's second set of answers provided some new responsive information, he still had not responded at all to five of the ten

4

interrogatories and provided incomplete answers to four others. See ECF No. 60 ("Second Kinney Decl.") Ex. C ("Second Answers"). Rather than respond, Figueroa moved to strike the Government's motion to strike for allegedly failing to comply with the Local Rules. ECF No. 67. While that motion was being briefed, Figueroa submitted a notice and supplemental answers to special interrogatories. ECF No. 68. Subsequently, the Court denied Figueroa's motion to strike the Government's motion to strike, ironically for itself failing to comply with the Local Rules, and noting the Court's disapproval "of the increasing gamesmanship" between the parties. ECF No. 71, at 2. Recognizing Figueroa had supplemented his responses to interrogatories during the briefing of the Government's motion to strike (and a parallel motion for summary judgment), the Court set a briefing schedule for both motions. Id. at 3-4.

In a subsequent order denying the Government's motion to strike, the Court found that Figueroa's answers to three of the ten special interrogatories remained insufficient. Specifically, the Court found Figueroa's responses were insufficient as to interrogatories number 3 (which asks Figueroa to identify documents supporting his claim), 4 (which seeks a list of sources from which the currency was derived with dates, amounts, and the identity of individual sources), and 10 (which requests the identity of individuals Figueroa knows or believes to have information relevant to his claim and a summary of what information they might have). SJ Order at 24-25. Nevertheless, the Court found that Figueroa's responses "while inadequate in places, evince[d] candor and effort," and as a result, declined to strike his claim for these

5

deficiencies, and instead ordered supplemental answers to the three deficient interrogatories. Id. at 25-26. In so doing, the Court noted that "[i]f Figueroa's answers remain insufficient after supplementation, the Government may re-file its motion to strike." Id. at 26.

Rather than supplement his answers for a fourth time, Figueroa filed a motion asking the Court to stay his obligation to supplement his answers and certify an appeal to the Ninth Circuit under 28 U.S.C. 1292(b), thus allowing Figueroa to take an interlocutory appeal of the order compelling supplemental answers to special interrogatories. Figueroa argued that there were "substantial grounds for difference of opinion as to whether a civil forfeiture claimant must provide responses to further special interrogatories about a defendant property that was seized from him when the claimant has already established standing." 1292(b) Order at 1. In support of this argument, Figueroa pointed to a recent Eighth Circuit case, United States v. $154,853, 744 F.3d 559 (8th Cir. 2014), that concluded if a claimant has standing to contest the forfeiture, "then special interrogatories [are] unnecessary to determine [the claimant's] standing as to that currency. Thus the district court abused its discretion in striking [the claimant's verified claim] . . . for failure to adequately respond to the special interrogatories when no special interrogatories were necessary to determine standing." 744 F.3d at 564. Concluding that this approach was irreconcilable with the Ninth Circuit's analysis of the scope and role of special interrogatories and Supplemental Rule G in United States v. $133,420, 672 F.3d 629 (9th Cir. 2012), the Court refused to certify the issue for

6

interlocutory appeal, and reiterated its order that Figueroa serve supplemental answers to special interrogatories, this time by February 13, 2015.  1292(b) Order at 4.

On that date, Figueroa provided supplemental answers to just two of the three remaining interrogatories.  See ECF No. 98 ("Third Kenney Decl.") Ex. D ("Fourth Answers").  Five days after the deadline, Figueroa's counsel emailed counsel for the Government stating he "intend[ed] to amend those supplemental responses to include further information and response [sic] to special interrogatory 4 by Friday or Monday at the latest."  Opp'n at Ex. 1.  However, Figueroa's counsel apparently did not amend those responses until March 5, 2015, when he filed the responses at issue in this motion.  See Opp'n at Ex. 2 ("Fifth Answers").

Now, after five attempts (three Court-ordered and two independent supplementations by Figueroa), the Government still believes Figueroa's responses are inadequate and seeks an order striking his claim and answer.  Figueroa opposes.

### III. **LEGAL STANDARD**

A motion to strike under the Supplemental Rules is "'something like a motion to dismiss where we can look to matters outside the pleadings, and where appropriate, allow for the possibility of conversion to summary judgment.'"  United States v. $671,160.00, 730 F.3d 1051, 1055 (9th Cir. 2013) (quoting United States v. $6,976,934.65 Plus Interest, 478 F. Supp. 2d 30, 38 (D.D.C. 2007)) (internal alterations omitted).

The Supplemental Rules allow the Government to file a motion to strike a verified claim or answer when a claimant fails to

comply with Supplemental Rule G(6), which authorizes "special interrogatories." Supp. R. G(8)(c)(i)(A). Nonetheless, as the advisory committee's notes to Supplemental Rule G point out, "[n]ot every failure to respond to [special] interrogatories warrants an order striking the claim." Advisory Committee Note to Subd. 6 of Supp. R. G. Relying on this language, courts (including this one) have declined to strike forfeiture claims and answers despite insufficient or easily cured yet still defective responses to special interrogatories or where the claimant is litigating pro se. See Order at 22-26; United States v. Approximately $658,830, No. 2:11-cv-00967 MCE KJN PS, 2011 WL 5241311, at *3 (E.D. Cal. Oct. 31, 2011); see also Stefan D. Casella, Asset Forfeiture Law in the United States, § 9.2(c) (2d ed. 2013). Nevertheless, other courts have granted motions to strike where claimants have failed to respond to special interrogatories after multiple extensions, see United States v. $34,900, No. 2:11-cv-490 DAK, 2012 WL 3202955, at *1 (D. Utah July 12, 2012), failure to respond in a timely manner or request an extension, see United States v. Approximately $67,900, No. 2:13-cv-01173 JAM-AC, 2013 WL 6440211, at *2 (E.D. Cal. Dec. 9, 2013), or failure to respond after seemingly abandoning the case. See United States v. $10,000, No. 1:11-cv-01845-SKO, 2013 WL 5314890, at *4-5 (E.D. Cal. Sept. 20, 2013).

At the same time, the advisory committee's notes suggest that the "special role that [special interrogatories] play in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37." Advisory Committee Note to Subd. 6 of Supp. R. G. Thus, "[i]t stands to reason that if a party's noncompliance with

Rule G(6) would be considered sufficiently willful to warrant terminating sanctions under the more lenient Rule 37 standard, then terminating sanctions may be used to address a party's willful noncompliance with Rule G(6) as well." United States v. $333,806.93, No. CV 05-2556 DOC (ANx), 2010 WL 3733932, at *1 (C.D. Cal. Aug. 30, 2012).  The Ninth Circuit applies five factors to determine whether to impose terminating sanctions for discovery abuse under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).  These factors need not all be considered, but are simply a roadmap to allow a district judge "to think about what to do."  Id.

**IV. DISCUSSION**

The Court finds that Figueroa has fully answered the Government's special interrogatories.  The Court will address each of the three allegedly insufficient interrogatories in order.

The full text of the Government's third special interrogatory reads:
> If you have any records, documents, or tangible items that reflect, refer or relate to your interest(s) in defendant $209,815 or your claim to the defendant currency, please identify each with specificity. Describe each and every document supporting your claim, including (a) the identity of the author(s); (b) the identity of the recipient(s); (c) the identity of those copied; (b) the subject matter of the document; (d) the number of pages of each document; and (e) the date of the document. When used in connection with a natural person,

> the term "identity" means provide the name, last known address and last known telephone number. As an alternative, you can opt to produce each and every responsive document.

Special Interrogs. at 1.  In its order on the Government's last motion to strike, the Court overruled Figueroa's objection that this interrogatory seeks production of documents (which the Supplemental Rules do not permit at this stage, see $133,420, 672 F.3d at 643 n.5) because identifying records with specificity is obviously not the same as producing documents, and ordered Figueroa to supplement his response.  Now Figueroa has supplemented his answers to state that he "do[es] not have any further documents to provide or specifically identify at this time," while still leaving open the possibility that he might be able to obtain invoices from freelance graphic design or consulting work he has performed. Fifth Answers at 2.  While the Government complains argues this is "tantamount to an admission that [Figueroa] failed to conduct a proper and thorough search for responsive documents," the Court disagrees.  Reply at 2.  Figueroa's response makes clear that he does not have further documents to identify at this time, and, in any event, "a reasonable effort," not "extensive research" is all that is required to adequately respond to interrogatories.  Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013).  Moreover, to the extent Figueroa is in possession of responsive documents not listed or later comes into possession of such relevant materials, he has a duty to supplement his earlier responses.  See Fed. R. Civ. P. 26(e)(1); see also Supp. R. G(1) ("To the extent that this rule does not address an issue, . . . the Federal Rules of Civil Procedure . . . apply.").

///

1	Second, the Government's fourth special interrogatory asks
2	Figueroa to list the sources and exact amounts of the currency he
3	obtained from each source, including dates, and the names and
4	contact information for individuals from whom the amounts were
5	derived.  See Special Interrogs. at 1-2.  As the Court found
6	previously, Figueroa's prior responses stated only that he earned
7	portions of the $209,815 as a freelance graphic designer or
8	consultant, but failed to identify any organizations he performed
9	freelance work for, and how much "if known, he obtained from each
10	source."  SJ Order at 25.  While Figueroa's latest answers state
11	that he has not kept records of all work he has done, he has
12	provided a list of five individuals or organizations for which he
13	performed paid work along with their contact information and the
14	ranges for various services he performed.  Fifth Answers at 3-4.
15	This is sufficient.  Given that Figueroa seems to have not kept
16	exacting records, the Court finds the burden of requiring more
17	exacting answers outweighs the likely benefit at this stage of
18	proceedings.  See Fed. R. Civ. P. 26(b)(2)(C).  Again, the Court
19	reminds Figueroa that to the extent he discovers further
20	information responsive to this interrogatory, he has a duty to
21	supplement his response.  See Fed. R. Civ. P. 26(e)(1); see also
22	Supp. R. G(1).

23	Finally, Figueroa's response to the Government's tenth special
24	interrogatory, which sought the identity of individuals having
25	information relating to his claim over the currency and a
26	description of the information they have, is sufficient as well.
27	Figueroa has identified his father as someone having information
28	about both his inheritance and employment and two individuals from

11

an organization with which he worked, Instituto Familiar de la Raza, who can both attest to his employment there. Fifth Answers at 4. Aside from these, Figueroa does not "believe any other person has information pertaining to [his] interest in the Defendant property." While the Government argues this is insufficient because he has not provided "any information about those persons with knowledge of his claimed inheritance," Reply at 6 (internal quotation marks omitted), Figueroa's response clearly states that his father has knowledge of his inheritance and provides his telephone number. See Fifth Answers at 4. As a result, the Government's complaints about this special interrogatory are misplaced.

Because Figueroa's responses to each of the three remaining special interrogatories are adequate, the Court need not reach the question of whether striking his claim is the appropriate sanction. Accordingly, the motion is DENIED.

**V.    CONCLUSION**

For the reasons set forth above, the Court finds Figueroa's answers are sufficient and the motion to strike is DENIED. At last, this case is ready to proceed to discovery. As modified somewhat from the parties' joint case management statement, ECF No. 94, the Court hereby ORDERS the following case management schedule:

- June 26, 2015 - case management conference and pre-trial and trial setting at 10:00 AM in Courtroom 1, 17th Floor, San Francisco Courthouse.
- July 10, 2015 - general discovery cutoff and last day to file dispositive motions.

1. • July 24, 2015 - Last day to identify experts.
2. • August 14, 2015 - last day to identify rebuttal experts.
3. • September 14, 2015 - expert discovery cutoff.

Nonetheless, before the parties embark on discovery, the Court has some words of warning. The progress of this action to date should not be taken as a guide for how discovery should proceed. On the contrary, it should not have taken over a year, three court orders, and five supplementations for Figueroa to fully respond to a series of straightforward interrogatories probing topics the Ninth Circuit deemed "well within the scope of the" Supplemental Rules. See $133,420, 672 F.3d at 643 n.5. Particularly, Figueroa's pattern of supplementing his responses shortly after the Government filed each motion to strike is troubling. These supplementations raise the question of whether the parties are working together in good faith to resolve their disputes without the Court's intervention or simply trying to make life difficult for one another. The Court's doubts about the parties' efforts are only amplified by counsels' clear distaste for one another. See Opp'n at 1 n.1 & Ex. 1; see also Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 908 (9th Cir. 2002). If these warnings are not heeded and intransigence continues to be the norm, the Court will impose sanctions on the offending party or parties. See 28 U.S.C. § 1927.

IT IS SO ORDERED.

Dated: April 28, 2015          _____
                               UNITED STATES DISTRICT JUDGE