IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>$209,815 IN UNITED STATES CURRENCY,<br><br>  Defendant.<br><br>JULIO FIGUEROA,<br><br>  Claimant. | Case No. C 14-0780 SC<br><br>ORDER GRANTING MOTION TO EXTEND TIME AND SETTING BRIEFING SCHEDULE ON CROSS-MOTIONS FOR <u>SUMMARY JUDGMENT</u> |

This is a motion by Plaintiff United States of America ("the Government") to extend time to file an opposition to Claimant Julio Figueroa's summary judgment motion in this civil forfeiture case. ECF No. 109 ("Mot."). Figueroa's motion seeks summary judgment on the grounds that the Government lacked probable cause to institute forfeiture proceedings. The Government seeks an extension of the opposition deadline to Friday, May 29, to enable it to retain expert witnesses and file a cross-motion for summary judgment in its own right.

Figueroa's counsel did not object to the extension of time and suggested the Government prepare a stipulation. However, Figueroa's counsel objected when the Government proposed a stipulation providing a briefing schedule for cross-motions for summary judgment as in United States v. $127,000, No. C 11-06605 LB, 2012 WL 2917467, at *1 (N.D. Cal. July 17, 2012), which decided the same probable cause issue on cross-motions for summary judgment. The proposed stipulation provides for the Government to file a combined opposition to Figueroa's motion and cross motion on the same issue on or before May 29, with Figueroa to file a combined reply to his motion and opposition to the government's motion. See ECF No. 110 ("Opp'n") at Ex. B ("Proposed Stip."). Seven days after Figueroa's combined reply and opposition, the government would be permitted to file a reply in support its summary judgment motion. Id. Instead, Figueroa's counsel proposed that the parties simply brief his summary judgment motion and stipulate that an adverse ruling on probable cause would preclude raising that issue further except on possible appeal.

In the Court's view both proposals have their merits. First, the Government has not explained why Figueroa's proposed stipulation would not be sufficient to fully dispose of the probable cause issue. Nevertheless, cross-motions for summary judgment along the lines of what the Government proposes are common both on this issue and other similar issues. See, e.g., $127,000, 2012 WL 2917467, at *1; Our Children's Earth Found. v. Nat'l Marine Fisheries Serv., No. 14-1130-SC (N.D. Cal.), Dkt. No. 38 (stipulating to a very similar briefing schedule for cross-motions for summary judgment in a Freedom of Information Act case). In the

Court's experience, however, such cross-motions do not (as Figeuroa's counsel suggests) "mudd[y] the legal issue[s]," and instead provide a vehicle for the Court to, through consolidated briefing and a single order, resolve a potentially dispositive legal issue without needing to fully brief a motion and cross-motion on that issue.

As a result, the Court finds good cause exists to extend the opposition deadline to enable the Government to obtain expert testimony and file a cross-motion for summary judgment on the probable cause issue. Accordingly, the Government's motion for an extension of time is GRANTED,[1] and the Court ORDERS briefing on the cross-motions for summary judgment be governed according to the following schedule:

- No later than Friday, May 29, 2015, the Government shall file a combined opposition to Figueroa's motion and cross-motion in a single brief of no more than twenty-five (25) pages.

- No later than Friday, June 12, 2015, Figueroa shall file his combined opposition to the Government's motion and

---

[1] The Court notes, however, that Figueroa's counsel is correct that the Government's motion does not comply with the Local Rules. Because Civil Local 7-11 (governing administrative motions) only applies to motions "not otherwise governed by a . . . local rule . . . ," and Civil Local Rule 6-3 governs motions to change time (like this), the Government's citations to Civil Local Rule 7-11 are inapposite. Furthermore, while the Government states its motion was filed pursuant to Civil Local Rule 6-3, see Mot. at 1, it did not furnish the required declaration setting forth various elements for extension of time. See Civ. L.R. 6-3(a)(1)-(6). Nonetheless, because the Government's submissions set forth the detail necessary for the Court to evaluate the merits of the motion, the Court will not deny the extension of time on this basis. See Linder v. Golden Gate Bridge, Hwy. & Trans. Dist., No. 14-cv-3861 SC, 2015 WL 1778608, at *3 (N.D. Cal. Apr. 17, 2015).

reply to his motion in a single brief of no more than twenty-five (25) pages.

- No later than Friday, June 19, 2015, the Government may file a reply of no more fifteen (15) pages limited to the issues raised in its cross-motion and contrary arguments asserted by Figueroa in opposition to the cross-motion.
- As a result, the hearing on Figueroa's summary judgment motion is VACATED, and instead the motions will both be heard on Friday, June 26, 2015 at 10:00 AM in Courtroom 1, 17th Floor, San Francisco Courthouse.

IT IS SO ORDERED

Dated: May 28, 2015

_____
UNITED STATES DISTRICT JUDGE

4