1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   STEPHANIE M. HINDS (CABN 154284A)
3  Chief, Civil Division

4  GREGG W. LOWDER (CSBN 107864)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7044
7       FAX: (415) 436-7234
        Gregg.Lowder@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )   CV 14-0780 MMC
                                       )
14          Plaintiff,                 )   **SETTLEMENT AGREEMENT AND**
                                       )   **[PROPOSED] JUDGEMENT OF FORFEITURE**
15      v.                             )
                                       )
16  $209,815 IN UNITED STATES CURRENCY, )
                                       )
17          Defendant.                 )
    _____  )
18                                     )
    JULIO EMMANUEL FIGUEROA,           )
19                                     )
            Claimant.                  )
20  _____  )

21          The parties stipulate and agree as follows:

22          1.      Plaintiff is the United States of America (hereafter "United States").  Defendant is

23  $209,815 in U.S. Currency seized at the San Francisco International Airport by the United States Drug

24  Enforcement Administration on September 27, 2013 (hereafter "defendant currency").  After proper

25  notification and publication was given, Julio Emmanuel Figueroa (hereafter "Claimant") filed a claim

26  and answer in this action, being the sole claimant to the defendant currency.  The United States and

27  Claimant Julio Emmanuel Figueroa jointly are hereafter referred to as the "parties" in this Settlement

28  Agreement.

SETTLEMENT AND PROPOSED JUDGMENT
CV 14-0780 MMC

2.      The parties agree that this resolution in this action is based solely on the terms stated in this Settlement Agreement.  It is expressly understood that this Settlement Agreement has been freely and voluntarily entered into by the parties.  The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Settlement Agreement.  This Settlement Agreement shall not be modified or supplemented except in writing signed by the parties.  The parties have entered into this Settlement Agreement in lieu of continued protracted litigation and District Court adjudication.

3.      This settlement is a compromise over disputed issues and does not constitute any admission of any fact, any wrongdoing, or any liability by any party.

4.      Claimant asserts that he is the sole owner of the defendant currency.

5.      The parties agree that the United States will return $150,000 (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies, as discussed in Paragraph 8 below) of the defendant currency to Claimant.  The return of this sum shall be in full settlement and satisfaction of any and all claims to the defendant currency by Claimant, his heirs, his representatives, and his assignees.

6.      Claimant does not contest that the remainder of the defendant currency ($59,815, plus all interest accrued on that amount, hereafter the "remaining currency") is subject to forfeiture pursuant to Title 21, United States Code, Sections 881(a)(6).  Claimant withdraws any and all claims to the remaining currency and relinquishes all rights, title, and interest in the remaining currency.  Claimant consents to the forfeiture of the remaining currency to the United States without further notice to him and agrees it shall be forfeited and disposed of according to law by the United States.

7.      Claimant, his heirs, his representatives, and his assignees shall hold harmless the United States, and any and all agents, officers, representatives, and employees of the same, and including all federal, state, and local enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant currency and for any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant currency.  Claimant agrees not to assist or authorize, or to allow on his behalf, any effort by any other individual or entity to claim or seek the remaining currency or to contest its forfeiture.  Claimant further waives any and all constitutional

SETTLEMENT AND PROPOSED JUDGMENT
CV 14-0780 MMC

1   and statutory challenges in any form (including by direct appeal, habeas corpus, or any other means) to

2   any forfeiture carried out in accordance with this Agreement, including waiving any claim that the

3   forfeiture constitutes an excessive fine or punishment and waiving any claim based upon a statute of

4   limitations or upon due process.

5        8.   Claimant agrees that he has had the opportunity to consult with his attorney, that he has

6   carefully read this Settlement Agreement and discussed it with his attorney, and that he fully

7   understands the scope and effect of the provisions of this Settlement Agreement.  Claimant further

8   agrees that he has discussed with his attorney the Debt Collection Improvement Act of 1996 (DCIA), 31

9   U.S.C. § 3716, that he understands its implications, and that he understands that the return of the

10  $150,000, and all interest accrued thereon, is subject to the directives and restrictions of the DCIA.

11       9.   The parties agree that each party shall pay its own attorneys' fees and costs.

12       10.  Based on the foregoing Settlement Agreement between the United States and Claimant,

13  the parties agree that, subject to the Court's approval, the proposed Judgment of Forfeiture

14  submitted below with this Settlement Agreement be entered into and that this action be dismissed.

15  IT IS SO STIPULATED:

16  Dated:                          BRIAN J. STRETCH
                                    United States Attorney
17  5/19/2016

18                                  _____
                                    GREGG W. LOWDER
19                                  Assistant United States Attorney

20

21  Dated:
                                    _____
22  5-12-16                         JULIO EMMANUEL FIGUEROA
                                    Claimant
23

24  Dated:
25  5/12/16
                                    _____
26                                  EDWARD M. BURCH
                                    Attorney for Julio Emmanuel Figueroa
27  ///

28  ///

SETTLEMENT AND PROPOSED JUDGMENT
CV 14-0780 MMC

1   **[~~PROPOSED~~] JUDGMENT OF FORFEITURE**

2        UPON CONSIDERATION of the Settlement Agreement and the record, and for good cause

3   shown, it is by the Court on this <u>20th</u> day of <u> May </u>, 2016,

4        ORDERED, ADJUDGED AND DECREED that $59,815, plus all interest accrued upon that

5   amount, of the defendant currency be, and hereby is, forfeited to the United States of America for

6   disposition by the Attorney General in accordance with law.

7        IT IS FURTHER ORDERED that $150,000, plus all interest accrued upon that amount, be

8   released to the Claimant Julio Emmanuel Figueroa, subject to the terms and conditions outlined in the

9   above Settlement Agreement between the parties.

10       IT IS FURTHER ORDERED that this action be, and hereby is, DISMISSED.

11

12

13  MAXINE M. CHESNEY
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AND PROPOSED JUDGMENT
CV 14-0780 MMC